## UNITED STATES v. ARKELL SAFETY BAG CO.

**No. 4560.**—Invoices dated Forshaga, Sweden, August 28, 1930; April 7, December 30, 1932; July 11, 1934; June 18, 1931.
Certified August 29, 1930; April 8, 1932; January 3, 1933; July 12, 1934; June 18, 1931.
Entered at New York September 10, 1930; April 21, 1932; January 18, 1933; July 26, 1934; July 1, 1931.
Entry Nos. 739595/1, 842863/1–2–3, 781795, 708139, 700364.

### Third Division, Appellate Term

(Decided on rehearing [Reap. Dec. 4513] April 27, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.
*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: The above case was originally appealed to this division of the court and decided in Reap. Dec. 4513. We there

held that the cause should be and the same was remanded to the single judge with instructions to dismiss the appeal for failure of proof. In our decision we made the following findings:

As stated above, we find that the single judge was correct in his holding that there is no foreign market value for this or similar paper as that value is defined in the statute (section 402 (c)). We further find that the decision below was correct insofar as it held that export value, as defined in section 402 (d), is the proper basis of appraisement.

Insofar as the decision below attempts to find what the export value of the imported paper is, it is reversed on the ground that the proof of all the elements necessary for a legal appraisement are not present, in that the record fails to show the usual wholesale quantity for export to the United States. That element being absent, this division is unable to find the values of the paper involved.

The cause is therefore remanded to the single judge with instructions to dismiss the appeals for failure of proof.

Thereafter a rehearing was moved on the part of the appellee and granted by the court. When the case was called before this division on the rehearing both sides moved to remand the case to the trial judge who originally heard it. We therefore remand it for all purposes.

Judgment will be rendered accordingly. It is so ordered.